**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

Civil Case No. 1:12cv264-MR
[Criminal Case No. 1:06cr13-MR-1]

| | |
|---|---|
| SHAFEEQ MUHAMMAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]. For the reasons that follow, Petitioner's Section 2255 motion will be dismissed.

**I. BACKGROUND**

On April 30, 2007, Petitioner was convicted of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A). Petitioner was sentenced to 190-months' imprisonment. [1:06cr13, Doc. 57: Judgment in a Criminal Case at 1-2]. Petitioner filed an appeal to the United States Court of Appeals for the Fourth Circuit that was later dismissed on the motion of the Government based on the waiver contained

in Petitioner's plea agreement.  United States v. Muhammad, No. 07-4457 (4th Cir. filed Dec. 27, 2007) (unpublished).

On December 1, 2008, Petitioner filed a Section 2255 motion challenging his criminal judgment raising grounds not relevant to the instant proceeding. On January 23, 2012, Petitioner's Section 2255 motion was denied and dismissed after the Court found that his arguments were without merit.  [1:08cv538, Doc. 24].  Petitioner did not file a direct appeal from this Order.

On August 21, 2012, Petitioner filed his second Section 2255 motion which he has correctly labeled as a "successive" motion under Section 2255.  Petitioner contends that that he is entitled to relief based on the Fourth Circuit's opinion in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc).  Petitioner contends that after Simmons his prior convictions are no longer properly considered predicate convictions for the purpose of determining whether he qualifies as a career offender. Petitioner moves the Court to vacate his sentence and resentence without consideration of his prior predicate convictions.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255]

2

must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured authorization from the Fourth Circuit to file a successive § 2255 motion; therefore this Court is without jurisdiction to consider the merits of the present Section 2255 motion, and it will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is

debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion [Doc. 1] is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 13, 2012

Martin Reidinger
United States District Judge